PIERRE SZAMATOWICZ, PLAINTIFF, v. MORRIS MEILLER AND STANLEY KRAWCYK, DEFENDANTS.

Argued January 19, 1925—Decided January 28, 1925.

An answer in an ejectment, which sets up a defense which is purely of an equitable nature, cannot be considered in a court of law, and will be stricken out.

---

In ejectment. On motion to strike out answer.

Before Justice KALISCH, at chambers.

For the motion, *Joseph J. Mutnick.*

*Contra, Irving Kunzman.*

The opinion of the court was delivered by

KALISCH, J.   The defense set up in the defendants' an-swer is of an equitable nature, and cannot be considered in a court of law in an action of ejectment.

In *Tindall* v. *Conover*, 21 *N. J. L.* 651, the Court of Errors and Appeals decided that one who has kept, as well as one who has obtained the possession of land by means of an agreement to purchase, is estopped from setting up anything in opposition to its terms or intent, or to title of vendor, in a suit brought to recover such possession.

*Van Valkenbergh et al.* v. *Rahway Bank*, 23 *N. J. L.* 583, was a case of ejectment tried before Chief-Justice Green, at the Essex Circuit, and judgment having gone in favor of the plaintiff, was taken for review by the defendant to the Court of Errors and Appeals, where the judgment was affirmed. The charge of the learned jurist before whom the case was tried is reported in full, and in which (at *p.* 585), he says: "The defense is, that previous to the recovery of the judg-ments against Ezra Drake, by virtue of which the land in question was sold, the defendants entered into a written agreement with Drake to become the purchasers; that, by virtue of that agreement, they entered into possession of the premises, and, being so lawfully in possession, they are to be regarded as tenants, and cannot be ejected as trespassers without being served with notice to quit, or at least without a demand of possession.

"It is not material to the defense that the defendants have paid part of the purchase-money upon their agreement with Drake, or that they are, in equity, entitled to a conveyance from Drake, by virtue of their agreement. These are mere equitable rights, which must be decided in a court of equity;

they do not constitute a legal defense in this action, where legal rights alone are in controversy."

I am unable to distinguish the facts of the instant case from those present in the case cited, in that the defendants here set up, as there, mere equitable rights, which must be decided in a court of equity, as they do not constitute a legal defense at law.

In order to maintain an action of ejectment, the bare legal title is sufficient, with no beneficial interest in the land. *Board of Commissioners* v. *Johnson, 36 N. J. Eq.* 211.

The answer, therefore, must be struck out.